**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EDWARD AVILA, et al.,

   Plaintiffs,

v.

SYLVIA VALENTIN-MALDONADO, et
al.,

   Defendants.

CIVIL NO. 06-1285 (GAG)
CIVIL NO. 06-1517 (GAG)
CIVIL NO. 06-2185 (GAG)

**MEMORANDUM OPINION AND ORDER**

Presently before the court is Plaintiffs' motion to alter judgment under Rule 59(e) and/or for relief from judgment or order under Rule 60(b) (Civil No. 06-1285, Docket No. 113).  For the reasons set forth herein, the court **GRANTS in part and DENIES in part** Plaintiffs' motion.

**I.     Standard of Review**

Motions for reconsideration are generally analyzed under Fed.R.Civ.P. 59 or 60, depending on the time at which the motion is served.  Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).  "If a motion is served within ten days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e).  If the motion is served after that time it falls under Rule 60(b)."  Id. at 284 (quoting Van Skiver v. United States, 952 F.2d 1241 (10th Cir. 1991)).  The court notes that Rule 59(e) was amended by Congress to extend the ten day limitation period to 28 days after the entry of judgment.  See Fed.R.Civ.P. 59(e); see also Fed.R.Civ.P. 59, advisory committee note (time period changed from 10 days after entry of judgment to 28 days, effective December 1, 2009).  Here, the motion was filed on April 9, 2010, exactly 28 days after judgment was entered dismissing the Plaintiffs' case.  (See Civil No. 06-1285, Docket No. 113; cf. Civil No. 06-1285, Docket No. 112.)  Thus, the court considers Plaintiffs' motion under the Rule 59(e) standard, elaborated as follows.

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence."  Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

1

2   v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007)).  Because the movant must

3   "clearly establish" a manifest error of law or present newly discovered evidence, it is "very difficult

4   to prevail" on a Rule 59(e) motion.  Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st

5   Cir. 2005) (citations omitted); see also Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d

6   320, 324 (D.P.R. 2005) (noting that motions for reconsideration are "typically denied").  There are

7   only four recognized grounds upon which the court could grant a Rule 59(e)  motion for

8   reconsideration: (1) manifest error of law or fact upon which the court's judgment is based; (2)

9   newly discovered or previously unavailable evidence; (3) if it is necessary to prevent manifest

10  injustice; and (4) intervening change in controlling law.  See Marie, 402 F.3d at 7 n.2 (citing 11

11  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995));

12  see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995) ("The standard for granting

13  such a motion is strict, and reconsideration will generally be denied unless the moving party can

14  point to a controlling decision or data that the court overlooked – matters, in other words, that might

15  reasonably be expected to alter the conclusion reached by the court.")

16          The First Circuit has repeatedly warned movants that a motion for reconsideration may not

17  be used by the losing party "to repeat old arguments previously considered and rejected, or to raise

18  new legal theories that should have been raised earlier."  National Metal Finishing Com. v.

19  BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); see, e.g., United States v.

20  $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir. 2004) ("The repetition of previous

21  arguments is not sufficient to prevail on a Rule 59(e) motion."); F.D.I.C. Ins. Co. v. World

22  University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (motions under Rule 59(e) "may not be used to

23  argue a new legal theory.").

24  **II.      Discussion**

25          ***A.      Motion for Reconsideration***

26          Plaintiffs make various arguments for reconsideration of the court's grant of summary

27  judgment.  As to the court's determination regarding the Fourth Amendment claims, Plaintiffs argue

28

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

that the court committed clear legal error by granting defendants summary judgment because there are genuine issues as to material facts regarding the motivations of the Police Chief of the SJ-VMAC for deciding to instal video camera surveillance in the locker-break room.  The court notes, however, that it considered all of the evidence presented in relation to the summary judgment motion and determined that under either of the theories advanced for the installation of video cameras (i.e. eradicating sexual discrimination in the workplace or identifying the employee who was leaving threatening notes in Officer Rosario's locker), both of which were supported by the record, Defendants were entitled to qualified immunity.  (See Docket No. 110 at 8-11.)  The court does not find that it committed a manifest error of law, nor have plaintiffs pointed out an intervening change in the law.  As their argument is based on old evidence and constitutes a rehashing of arguments already presented against summary judgment, the court must **DENY** reconsideration on this ground.

Plaintiffs also argue in their motion for reconsideration that there is an issue of fact as to the contents of the video tapes because the parties are in contention as to whether or not there appeared to be persons undressing or otherwise engaged in private activities.  This, they argue, goes to the court's determination as to Plaintiffs' reasonable expectation of privacy while being in the locker-break room.  The court is in agreement that such evidence would be material to a finding as to the Plaintiffs' expectation of privacy, but notes that it had already found in Plaintiffs' favor on this point.  In his Opinion and Order of March 19, 2008 in Civil No. 06-1517 (Docket No. 49), Judge Acosta ruled, as he also did in Civil No. 06-1285 (Docket No. 54 at 30), that "no reasonable jury could find that plaintiffs did not have a reasonable expectation of being free from covert video surveillance while in the locker-break room."  (Civil No. 06-1517, Docket No. 49 at 31.)  In its most recent Opinion and Order granting summary judgment (Civil No. 06-1285, Docket No. 110 at 10-11), this court recognized as much.  The court's grant of summary judgment turned, instead, on whether the facts in evidence, weighed against the established right, satisfied the second prong of the qualified immunity analysis: if a reasonable defendant would have understood that his conduct violated the plaintiffs' constitutional rights.  The court's determination that Defendants

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

were entitled to qualified immunity, though noxious to Plaintiffs' claims, was based on a pondered

analysis of the current caselaw.  The court will not now reconsider its determination, as it does not

find that it committed a manifest error of law or that the decision was clearly unjust.  Plaintiffs'

motion for reconsideration is **DENIED** on this ground.[1]

The court does acknowledge, however, that as to Plaintiffs' tort-based claims against the

United States, it overlooked the fact that Judge Acosta's Opinion and Orders of March 19, 2008

(see Civil No. 06-1285, Docket No. 54; Civil No. 06-1517, Docket No. 49) preceded his orders for

consolidation (see Civil No. 06-1285, Docket No. 56; Civil No. 06-1517, Docket No. 51).  The

court therefore clarifies that in its recent Opinion and Order granting summary judgment (Civil No.

06-1285, Docket No. 110), the findings at footnote 3 refered solely to consolidated case Civil No.

06-1285.

The Opinion and Order in Civil No. 06-1285 (Docket No. 54 at 2, 11-13, 36-37) held that

because the United States was the sole proper defendant under the FTCA and Plaintiffs in that case

had failed to properly and timely serve summons (see  Civil No. 06-1285, Docket Nos. 26, 27, 29),

plaintiffs were precluded from prosecuting any tort-based causes of action against the United States

in these proceedings.  In contrast, the Opinion and Order of March 19, 2008 in Civil No. 06-1517

(Docket No. 49 at 36-37) dismissed only those negligence claims asserted against the Secretary of

---

[1] In addition, Plaintiffs contend that "there is believed to be a fifth tape containing extremely
relevant evidence that defendants have not yet revealed to Plaintiffs nor to this Honorable Court,"
and that "could support additional facts [Plaintiffs' favor]."  (Civil No. 06-1285, Docket No. 113-2
at 6-7.).  The court will not entertain Plaintiffs' argument for reconsideration on this ground.
Besides making this perfunctory averment, Plaintiffs do not assert that this evidence is new or that
it was unavailable at the time the court entered judgment; nor do they explain why they could not
with due diligence obtain this evidence and present it prior to the entry of judgment.  See Emmanuel
v. International Broth. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005) ("a
district court does not abuse its discretion by denying a motion for reconsideration grounded on the
discovery of evidence that, in the exercise of due diligence, could have been presented earlier.")
(quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 91 n.1 (1st Cir. 1993)); Rivera v. Puerto Rico
Aqueduct and Sewers Authority, 331 F.3d 183, 193 (1st Cir. 2003) (it is not abuse of discretion for
a district court to deny a motion for reconsideration where the supporting evidence was "neither new
nor unavailable at the time the district court entered judgment . . .").

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

1

2   the Department of Defense, the SJ-VMAC and the individual defendants.  The United States was

3   properly summoned in that case.  (See Civil No. 06-1517, Docket Nos. 24, 26.)  In virtue of

4   consolidated case Civil No. 06-1517, the United States is still a party in this case as regards the

5   FTCA claim for violations to dignity and privacy.  The court, thus, **GRANTS** reconsideration on

6   this ground.

7        Accordingly, the court will now consider the parties' arguments regarding summary

8   judgment as to Plaintiffs' FTCA claim in consolidated case Civil No. 06-1517.

9        ***B.***    ***Summary Judgment Motion: FTCA Claim Against the United States***

10       Defendants argue in their motion for summary judgment (Civil No. 06-1285, Docket No.

11  72) that the remaining claim against the United States under the FTCA for "violation of the

12  Plaintiffs' privacy and dignity as employees," has to be dismissed as an intentional tort that is

13  exempt from the United States' sovereign immunity waiver contained in the FTCA.  In support of

14  their theory, Defendants merely state that "this 'tort' under the Constitution of Puerto Rico appears

15  to require intent," such that "it does not fit into any of the intentional torts specifically allowed by

16  the FTCA."  (Id. at 8-9.)  The clear meaning of the statute and its interpretative jurisprudence,

17  however, leads the court to a different conclusion.

18       Section 2680 of the Federal Tort Claims Act provides several exceptions to the United

19  States' waiver of immunity for tort claims based on negligent or wrongful conduct by federal

20  officers or employees within the scope of their employment.  See 28 U.S.C. § 2680.  One of these

21  exceptions, known as the intentional torts exception, applies to "any claim arising out of assault,

22  battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

23  misrepresentation, deceit, or interference with contract rights," unless the claims involve "acts or

24  omissions of investigative or law enforcement officers of the United States Government."  28

25  U.S.C. §2680(h).  As stated by the First Circuit, "[t]he Supreme Court has taken a very strict

26  approach to the reading of section 2680.  It has held that '[t]here is no justification for [the Supreme

27  Court] to read exemptions into the Act beyond those provided by Congress.'"  Santiago-Ramirez

28

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

v. Secretary of Dept. of Defense, 984 F.2d 16, 20 (1st Cir. 1993) (quoting Rayonier, Inc. v. United States, 352 U.S. 315, 321 (1957)). Thus, even if the invasion of privacy tort required intent, the fact that one cause of action has an overlapping element with another, "does not support the conclusion that if one is excepted under the Tort Claims Act the other must be as well." Block v. Neal, 460 U.S. 289, 298 (1983); see also Santiago-Ramirez, 984 F.2d at 20-21 (reaching same conclusion regarding overlap between a claim for intentional infliction of emotional distress and a claim for false imprisonment, which is excepted from the FTCA under section 2680); Brinbaum v. United States, 588 F.2d 319, 328 (2nd Cir 1978) (since the jurisdictional statute, 28 U.S.C. § 1346(b), covers "wrongful" as well as negligent acts, "it has been held that the torts of tresspass and invasion of privacy do not fall within the exception of § 2680."). As the court will not "read exemptions into [the FTCA] beyond those provided by Congress," Santiago-Ramirez, 984 F.2d at 20, it must **DENY** Defendants' motion for summary judgment on this ground.

Defendants argue in the alternative that Plaintiffs' claim falls under the discretionary function exception of the FTCA, found at 28 U.S.C. § 2680(a), which states that the provisions of the FTCA do not apply to

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

In United States v. Gaubert, 499 U.S. 315 (1991), the Supreme Court fashioned a two-prong test to determine whether particular conduct falls within the discretionary funcion exception. The court must first determine whether the conduct "involved an element of judgment or choice." Id. at 325; see Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). An act will not contain the requisite element of judgment or choice when a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow' because 'the employee has no rightful option but to adhere to the directive.'" Id. at 322 (quoting Berkovitz, 486 U.S. at 536). Under the second prong, "assuming that the challenged conduct involves an element of judgment, a court must determine whether that judgment is of the kind that the discretionary function

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

exception was designed to shield." <u>Berkovitz</u>, 486 U.S. at 536.  The Supreme Court has held that the discretionary function exception protects from liability government decisions and actions based on decisions grounded on social, economic, and political policy.  <u>Id.</u> at 537; <u>see also</u> <u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>, 467 U.S. 797, 814 (1984).  "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."  <u>Gaubert</u>, 499 U.S. at 325.  Further, the exception applies "whether or not the discretion involved be abused," 28 U.S.C.A. § 2680(a), and "abuse connotes both negligence and wrongful acts in the exercise of discretion."  <u>Dalehite v. United States</u>, 346 U.S. 15, 33 (1953).

Here, Plaintiffs allege that the United States, through its employees' acts, has violated Plaintiffs' constitutional rights.  The First Circuit has recognized that "courts have read the Supreme Court's discretionary function cases as denying protection to actions that are unauthorized because they are *unconstitutional*, proscribed by statute, or exceed the scope of an official's authority."  <u>Thames Shipyard & Repair Co. v. United States</u>, 350 F.3d 247, 254 (1st Cir. 2003) (emphasis added) (citing <u>K.W. Thompson Tool Co. v. United States</u>, 836 F.2d 721, 727 n.4 (1st Cir. 1988) ("It has been held that implicit in <u>Varig</u> and <u>Dalehite</u> is the proposition that a 'decision cannot be shielded from liability if the decisionmaker is acting without actual authority.'") (quoting <u>Red Lake Band of Chippewa Indians v. United States</u>, 800 F.2d 1187, 1196 (D.C.Cir. 1986)); <u>Medina v. United States</u>, 259 F.3d 220, 225 (4th Cir. 2001) (stating that "[f]ederal officials do not possess discretion to violate constitutional rights or federal statutes") (quoting <u>United States Fid. & Guar. Co. v. United States</u>, 837 F.2d 116, 120 (3d Cir. 1988)); <u>Nurse v. United States</u>, 226 F.3d 996, 1002 (9th Cir. 2000) ("[G]overnmental conduct cannot be discretionary if it violates a legal mandate."); <u>Myers & Myers, Inc. v. United States Postal Service</u>, 527 F.2d 1252, 1261 (2d Cir. 1975) ("It is, of course, a tautology that a federal official cannot have discretion to behave unconstitutionally or outside the scope of his delegated authority.")).  Following this line of cases, the court cannot find that the discretionary function exception applies here to exempt the United

**Civil No. 06-1285 (GAG)**
**Civil No. 06-1517 (GAG)**
**Civil No. 06-2185 (GAG)**

States from liability under the FTCA and, therefore, **DENIES** Defendants' motion for summary judgment on this ground.

**III.     Conclusion**

For the reasons stated herein, the court **GRANTS in part and DENIES in part** Plaintiffs' motion to alter or amend (Civil No. 06-1285, Docket No. 113).  The United States is still a party to this case as regards Plaintiffs' FTCA claim.  The court also notes that Defendants did not move for summary judgment on the merits of this claim, and that the court's grant of qualified immunity as to individual defendants does not preclude a finding of liability as to the United States under the FTCA for the negligent or wrongful conduct of such defendants as federal officers or employees. Accordingly, the court's previous judgment shall be vacated and this case will proceed to trial on the remaining claim.

**Parties shall file a JOINT proposed pretrial order on or before May 20, 2010.  This case is hereby referred to Magistrate Judge Bruce J. McGiverin for a pretrial/settlement conference to be held soon after said date.**

**The plaintiff shall immediately notify this ruling to the Court of Appeals for the First Circuit, where the appeal of the original judgment is pending.**

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of April, 2010.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

8